## POPPY v. DUGGAN.

No. 14916—Opinion Filed March 31, 1925.

### 1. Trial—Order of Proof.

The party on whom rests the burden of the issues shall first produce his evidence; the adverse party shall then produce his evidence; and the only evidence that either party may thereafter introduce, as a matter of right, is rebutting evidence.

### 2. Same—"Rebuttal Evidence."

Rebutting evidence is that evidence which has become relevant only as an effect of some evidence introduced by the adverse party, and its function is to explain or repel evidence of the adverse party.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from County Court, Tulsa County; John B. Boyd, Judge.

Action by T. V. Poppy against F. A. Duggan. Judgment for defendant, and plaintiff brings error. Affirmed.

Robinett & Ford and Leslie W. Lisle, for plaintiff in error.

Breckinridge, Bostick & Daniel, for defendant in error.

Opinion by JARMAN, C. The parties appear here in the same order as in the trial court. The plaintiff was driving his automobile on the highway between Red Fork and Tulsa, going in a northerly direction, and the defendant was driving his automobile in the same direction. The plaintiff alleges that, in attempting to pass, the defendant turned in too quickly and the rear wheels or fender of his car struck the front end of the plaintiff's car, damaging the steering wheel in such manner as to cause the car of the plaintiff to overturn, resulting in the wife of the plaintiff, who was in the car, being severely injured; and this action was to recover for hospital fees and physician's services in treating the wife of the plaintiff and for the loss of her services, and for damages to the car. The case was submitted to a jury and verdict was rendered for the defendant.

The evidence on the part of the plaintiff shows substantially the facts as above detailed.

The defendant testified that, before attempting to pass the plaintiff, he sounded his horn to notify the plaintiff of the approach of defendant's car and for the purpose of causing the plaintiff to pull over to the side of the road, and that, when he started around the car of the plaintiff, the defendant sounded his horn four or five times and that he did not strike the car of the plaintiff when he passed him; and it was the theory of the defendant that, if his car came in contact with that of the plaintiff, it was when the plaintiff bumped into the defendant's car after having passed the plaintiff's car.

After the defendant concluded his evidence and rested, the plaintiff sought to introduce a Mr. Bruin as a witness to testify that the car of the defendant did collide with the plaintiff's car, when passing the plaintiff and that the collision was wholly due to the negligence and carelessness of the defendant; that the defendant was driving at a rapid and dangerous rate of speed at the time he drove around the plaintiff's car and, in making the turn, the defendant carelessly turned his car and struck the front portion of plaintiff's car, bending the axle and steering rod to such an extent that the plaintiff could not control the car. The defendant objected to the witness, Bruin, testifying on the ground that his testimony did not constitute rebutting evidence.

The only assignment of error urged is that the trial court erred in refusing to permit the introduction of rebutting evidence. The issues are narrowed down to the one proposition, and that is whether the proffered testimony of the witness Bruin was rebutting evidence. The case is not here on the question of the trial court's abusing its discretion in refusing to permit the witness, Bruin, to testify, but on the sole ground that the trial court denied to the plaintiff an absolute legal right in refusing to permit said witness to testify. The contention of the plaintiff is summed up in his brief in the following language:

"We call the attention of this court to the fact that it is not the exercise of discretion on the part of the court that we are attacking, but the denial of an absolute right of the plaintiff, for we claim that when the defendant had introduced testimony tending to prove that the fault could not have been with the defendant, in absolute contradiction to the facts which the

plaintiff's testimony tended to establish, it was absolutely essential to the plaintiff's case that he introduce testimony to refute that of the defendant."

The rights of litigants, with reference to the order in which the evidence is to be introduced, is governed by section 541, Comp. Stat. 1921, which provides that the party on whom rests the burden of the issues must first produce his evidence, and, after he has closed his evidence, the adverse party will then produce his evidence; and the only evidence thereafter that the parties may introduce. as a matter of right, is rebutting evidence.

The question is, then, what constitutes rebutting evidence? The most satisfactory definition of rebutting evidence that we have been able to find is in 33 Cyc. 1571, where it is defined as being, "that evidence which has become relevant or important only as an effect of some evidence introduced by the other side." The function of rebutting evidence is to explain or repel the evidence given by the adverse party. It is the duty of the plaintiff to present all of his evidence to make out his case in chief before resting, and it is not permissible to permit the plaintiff to introduce a portion of his evidence in chief and then to wait to see what the evidence on the part of the defendant is before introducing the rest of his evidence. The defendant has a right to require the plaintiff to introduce all of his evidence in chief before he should be required to introduce evidence in his defense. Measured by these requirements, we must hold that the evidence sought to be introduced by the witness, Bruin, was not rebutting evidence, but on the contrary, it was plainly evidence in chief. The plaintiff did not request the court to reopen the case for the purpose of introducing the testimony of this witness as a part of his evidence in chief. Of course, the testimony of the witness, Bruin, contradicted the evidence given on behalf of the defendant, but that is not sufficient, of itself, to justify the testimony of Bruin being admitted as rebutting evidence; if that were the only requirement, then a trial never would end, because the plaintiff, or some witness for him, would always stand ready to go on the stand and contradict the testimony of the defendant, and the same thing would be true of the defendant with reference to the testimony of the plaintiff. There was nothing in the proffered evidence to explain or repel the evidence given by defendant, and the proffered evidence did not become relevant or important, as an effect of evidence introduced by the defendant. The substance of the evidence, sought to be introduced by the witness, Bruin, a bystander who saw the accident, was that the defendant drove by the plaintiff's car at a high rate of speed, and that he negligently turned his car too quickly and struck the car of the plaintiff, causing the same to overturn. That is exactly the negligence which the plaintiff seeks to recover on.

Counsel for plaintiff contend that the case of Talliaferro v. A., T. & S. F. Ry. Co., 61 Okla. 27, 160 Pac. 69, is controlling here. There the plaintiff was driving and his horse became frightened by steam that was escaping from an engine, and in this connection the plaintiff testified that the steam was escaping from both the top and bottom of the engine and that his horse was frightened by the noise from the escaping steam. The defendant submitted the testimony of the engineer to the effect that the mechanical construction of the engine was such that steam did not and could not escape from the bottom of the engine and the plaintiff offered, in rebuttal, evidence that would refute the evidence of the defendant's witness with reference to the construction of the engine, which the court excluded on the theory that the same did not constitute rebutting evidence. Clearly the trial court there was in error because the evidence, sought to be introduced as rebutting evidence, was for the sole purpose of explaining or repelling the evidence given by the defendant as to the mechanical construction of the engine, and the proffered evidence became relevant and important only as the effect of evidence introduced by the defendant. In the case of State v. Smith (La.) 45 South. 415, the defendant, who was prosecuted for murder, had made a confession that he fired the fatal shot. The state offered the confession in rebuttal. Of course, the confession contradicted the evidence of the defendant, but that was not sufficient to make it rebutting evidence and the court so held; and, further, held that the confession should have been offered as a part of the evidence in chief. The court did allow the confession to be proven, but in doing so it reopened the case of the prosecution and let in the evidence as evidence in chief.

The trial court properly refused to admit the testimony of the witness, Bruin, as rebutting evidence; and the judgment of the trial court is affirmed.

By the Court: It is so ordered.