## OKLAKEN OIL CO. v. GARRETT.

No. 22498.    March 12, 1935.

M. A. Dennis, for plaintiff in error.

H. S. Samples, for defendant in error.

OSBORN, V. C. J. Ella Garrett, plaintiff, sued the Oklaken Oil Company, defendant, in the district court of Okmulgee county to recover damages for the pollution of a stream and for the destruction of grass and trees and permanent injury to the soil of her land. The cause was submitted to a jury and a verdict rendered for plaintiff for $400. From a judgment on the verdict the defendant has appealed. The parties will be referred to as they appeared in the trial court.

It is shown that plaintiff is the owner of certain real estate in Okmulgee county; that the defendant oil company operated an oil well upon adjoining premises. It was proved by plaintiff's witnesses and admitted by defendant's witnesses that for two years prior to the institution of this action the company had permitted salt water to flow across the land in question. The theory of the defendant, however, was that the damage, or a portion thereof, was caused by pollution resulting from the flow of salt water from wells which had previously been operated on plaintiff's premises by her own lessee. Those wells were drilled in 1922, and plugged in 1923. In this case it is sought to recover damages which accrued only during 1928 and 1929, or for the two

years immediately prior to the filing of this action.

The trial court instructed the jury on the theory that, since it was admitted that salt water, during the two years in question, had continuously flowed across the premises of the plaintiff, and in view of the provisions of the statute (11580, O. S. 1931; 7969, C. O. S. 1921), it was necessary only that plaintiff prove by a preponderance of the evidence the damages actually sustained by the flow of salt water across the premises. The recovery was. limited strictly to the damages which actually accrued during the two years prior to the institution of this action.

Defendant contends that it was entitled to an instructed verdict under the doctrine announced in the case of Walters v. Prairie Oil & Gas Co., 85 Okla. 77, 204 P. 906. In that case it was held that where a riparian landowner sues a group of separate leaseholders for damages for polluting a stream and the evidence shows a part of the damage was inflicted by defendants and part by a tenant of plaintiff, plaintiff will not be entitled to recover unless he is able to produce evidence which will enable the court to separate the amount of damage inflicted by the group of defendants sued from the amount of damage resulting from the acts of the tenant. It will readily be seen that said rule has no application to the facts presented here. The recovery, under the instructions of the court, was specifically limited to the two years prior to the filing of the suit, and the wells of plaintiff's tenant in this case were plugged in 1923. .

Further complaint is made because the trial court quoted in his instructions to the jury section 7978, C. O. S. 1921 (11587, O. S. 1931), which provides that allowing the escape of salt water is a criminal offense and fixes a punishment therefor. It is clear that such an instruction was immaterial to the issues and was improper, but an examination of the entire record in connection with the verdict is sufficient to show that no prejudice resulted by the giving of such instruction.

It appears that there is ample competent evidence to support the verdict of the jury, and no prejudicial errors of law are shown in the instructions of the court.

The judgment of the trial court is affirmed.

Included in the brief of defendant in error is a motion for judgment on the supersedeas bond. Since there appears to be no good reason for denying said motion, judgment is hereby rendered against the Indemnity Insurance Company of North America, of Philadelphia, Pa., surety on said supersedeas bond, in the sum of $400, with interest thereon at 6 per cent. per annum from December 17, 1930, and costs.

McNEILL, C. J., and WELCH, CORN, and GIBSON, JJ., concur.