## WARNER et al. v. CITY OF GUYMON.

No. 22549. March 3, 1936.

Rehearing Denied March 24, 1936.

E. B. McMahan and G. A. Paul, for plaintiffs in error.

Ross Rizley and Orlando F. Sweet, for defendant in error.

PER CURIAM. This is an appeal from the district court of Texas county. The action was commenced by the city of Guymon, Okla., a municipal corporation, as plaintiff, against Hiram A. Warner and the United States Fidelity & Guaranty Company, as defendants, to recover damages on account of an alleged breach of contract.

The petition of plaintiff, in substance, alleged that plaintiff had employed the defendant Hiram A. Warner as an engineer in connection with the construction of certain street improvements in the city of Guymon; that the defendant United States Fidelity & Guaranty Company had entered into a bond with the plaintiff whereby it had guaranteed the faithful performance of the duties required of the said defendant Hiram A. Warner under his contract as such engineer; that said defendant Hiram A. Warner had violated and broken his contract by failure to prepare proper plans, specifications, and estimates in connection with said work and to properly supervise the construction of said improvements, and had prepared unworkable and improper plans in connection therewith, and had permitted said work to be constructed in an improper and unworkable manner, and that by reason thereof said plaintiff had been compelled to expend the sum of $1,500, and prayed judgment against both defendants for that sum.

The defendants, after their several demurrers had been overruled, filed separate answers. The answer of the defendant United States Fidelity & Guaranty Company was a general denial. The defendant Hiram A. Warner in his answer denied both generally and specifically the allegations contained in plaintiff's petition, and by way of cross-complaint alleged that plaintiff was indebted to him in the sum of $132.08 as a balance due on his contract of employment, and sought recovery of this sum.

Upon the issues thus presented trial was had to a jury. A verdict was returned in favor of the plaintiff for the sum of $650. From the judgment on the verdict and an order overruling a motion for new trial, the defendants appeal. The parties will hereinafter be referred to as they appeared in the trial court.

As grounds for reversal the defendants assign nine specifications of error and present them under four propositions as follows:

"(1) The plan of construction of a paving improvement is determined by the governing body of the municipality.

"(2) There is no liability for an error in judgment in providing a plan for public improvement.

"(3) A city engineer is not individually liable for negligence in the exercise of discretionary powers.

"(4) This is an action arising in tort and not in contract."

We are unable to agree with the above contentions as applied to the facts in the record before us. The evidence is not in conflict as to the employment by the plaintiff of the defendant Hiram A. Warner as an engineer in connection with the street improvement. The action was based on a breach of contract and was tried on that theory. The defendant Hiram A. Warner, by his cross-complaint, sought to recover a balance due on the contract of employment. We think that the issues were thus clearly defined. While the governing body of a municipality determines the plan of construction of a street improvement, this is true only in a broad sense. As to the details incident thereto it is provided that the plans, profiles, specifications and estimates of costs are to be prepared by the engineer of said municipality, if it has one. Section 6214, O. S. 1931. Or said municipality may contract for the services of a consulting engineer in this connection. Section 6215, O. S.

1931. Such engineer need not be a resident of the municipality. Moore v. City of Perry, 126 Okla. 153, 259 P. 133. Where a person is employed under a contract by a municipality, and his duties and the duration of his employment depend upon the contract, he is not a public officer of such municipality, but the relation of the parties is purely contractual. Farley v. Board of Education of City of Perry, 62 Okla. 181, 162 P. 797. As to whether the defendant Hiram A. Warner had breached the terms of the contract of employment was a disputed question and was submitted to the jury and decided adversely to the defendants' contentions.

We have examined the authorities cited by the defendants under their second and third propositions, but do not deem them applicable to the situation herein presented. What we have previously said disposes of the defendants' fourth contention, and we deem it unnecessary to discuss the same further.

After a careful reading of the entire record we find that the cause was fairly tried; that there is ample competent evidence therein to support the verdict of the jury; that the instructions given are free from fundamental error, and that therefore the verdict of the jury and the judgment of the trial court thereon should not be disturbed. As we have said in Oklaken Oil Co. v. Garrett, 171 Okla. 111, 42 P. (2d) 114:

"In civil actions triable to a jury, if there is competent evidence reasonably supporting the verdict of the jury, and no prejudicial errors of law are shown in the instructions of the court or in its rulings on law questions presented during the trial, the verdict and finding of the jury will not be disturbed on appeal."

The defendant in error has included in its brief a motion for judgment on the supersedeas bond. Since there appears no good reason why this motion should not be granted, said defendant in error city of Guymon, Okla., a municipal corporation, is hereby given judgment against the Maryland Casualty Company, surety on the supersedeas bond herein, in the sum of $650, with interest thereon at the rate of 6 per cent. per annum from the 16th day of December, 1930, and for all the costs of the action.

Judgment of the trial court is affirmed.

McNEILL, C. J., and BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.