## TOWNSEND v. COTTEN.

No. 27160.    May 25, 1937.

Wm. M. Thomas, for plaintiff in error.

D. H. Cotten and Ray McNaughton, for defendant in error.

CORN, J. This is an action for damages for personal injuries alleged to have been sustained in an automobile accident. The plaintiff was riding as a guest in defendant's car at the time the accident occurred. The cause was tried to the jury, resulting in a verdict for the defendant, and the court rendered judgment on the verdict, from which judgment the plaintiff appealed. The parties occupy the same position on appeal as in the trial court and will be referred to herein in the same order.

The plaintiff complains that the court erred in refusing to give plaintiff's requested instruction No. 3, stating in effect that if the jury found that the defendant was driving the car in violation of the statute at the time the accident occurred in which

the plaintiff was injured, such violation of the statute constituted negligence per se.

It appears from the record that the court sufficiently covered the plaintiff's theory of the case in the instruction given, as the essential allegations of plaintiff's petition were incorporated in the instructions, and the court charged the jury that if it found from a preponderance of the evidence that the defendant was negligent as contended in the operation of the car, or in his failure to have the car in reasonable shape for use on the highway, and was driving at an excessive rate of speed under the conditions then existing, and that this negligence on the part of the defendant was the proximate cause of the injury and damages to the plaintiff, then a verdict should be returned in favor of the plaintiff.

The fact that the court's instructions did not state that if the jury found the defendant was negligent as alleged in the petition, such negligence would constitute negligence per se, is of little or no significance at all in view of the provisions of the statute. Our so-called speed statute is section 14, ch. 113, S. L. 1933, amending section 10323, O. S. 1931, which, in so far as is applicable to this case, provides:

"Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other conditions then existing, and no person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead. Provided, no motor bus or other motor vehicle transporting passengers for hire shall be driven upon any public highway of this state at a rate of speed in excess of forty-five (45) miles per hour. * * *"

It will be noted that our speed statute fixes no definite speed limit, except for such vehicles as are used for transporting passengers for hire, but imposes upon drivers using the highways the duty of driving at a careful and prudent rate of speed not greater nor less than is reasonable and proper, having due regard to the traffic, surface, and width of the highway and of any other conditions then existing. Whether a driver is guilty of excessive speed depends upon the conditions specified or contemplated in the statute, and is a question of fact for the jury. The driver must necessarily be found guilty of negligence, or negligent driving, before he can be found guilty of violating the statute. The instructions as a whole

fairly state the law of the case, and fairly present the theory of the case of both parties, and we find no material error in any of them.

Next it is contended that the evidence in the case does not support the verdict, and the trial court committed reversible error in refusing to grant a new trial.

The evidence shows that the defendant, at the time of the accident, was driving on a new concrete slab, 18 feet in width and practically straight and level where the accident occurred; that the road was clear of traffic and the car which defendant was driving was in good condition, having been driven only between 9,000 and 10,000 miles, and at the time the defendant was driving at a speed of 50 to 55 miles per hour. The car was loaded with five men, including the plaintiff and defendant, and the accident was caused by a flat tire on one of the rear wheels which caused the car to swerve off the slab with two wheels on the shoulder of the grade, and as these wheels were brought back to the edge of the slab which was slightly above the ground, they skidded a distance and then the car swerved abruptly back onto the slab and turned over. The plaintiff proceeded on his trip of 150 miles, stayed two days and returned home before taking treatment for his alleged injuries. Medical testimony indicates that his injuries were neither serious nor permanent, although he sustained bruises and a fracture of two ribs.

The defendant in his answer alleged that the accident was caused by conditions over which he had no control; that he did not know of any unsafe condition in the automobile being driven or any of the equipment thereon; that he used his best judgment in the emergency, and was not negligent with reference thereto.

The defendant further alleged that the plaintiff was a man of broad knowledge and experience in the use, operation, and dangers inherent in the operation of automobiles and was familiar with and aware of the fact from experience that the defendant habitually drove the car being used at the time of the accident at approximately the speed at which it was being driven at the time the accident occurred; that the speedometer of the car was in plain view to the plaintiff at all times during the trip; that the plaintiff had frequently ridden in the car in question and knew its condition and knew the condition of the tires, and that by riding with the defendant under the con-

ditions as they existed immediately preceding the accident, and with the knowledge he then had, assumed the risk of accident and injury caused by the acts and conduct of the defendant at the time of the accident complained of, and of any injury which might result therefrom.

The questions of negligence, assumption of risk, the nature and extent of the alleged injuries, are all questions for the jury, and the jury found in favor of the defendant and against the plaintiff.

This court has repeatedly held that in a civil action, triable by jury, where there is competent evidence reasonably tending to support the verdict of the jury, and no prejudicial error of law is shown in the instructions of the court or its rulings on law questions, the verdict and findings of the jury will not be disturbed on appeal. Mudge Oil Co. v. Swanson, 176 Okla. 13, 54 P. (2d) 345; Farmers Nat. Bank of Sulphur v. Bell, 176 Okla. 174, 54 P. (2d) 1072; Warner v. City of Guymon, 176 Okla. 419, 55 P. (2d) 969; St. Louis-S. F. R. Co. v. Williams, 176 Okla. 465, 56 P. (2d) 815.

Error is also alleged on account of the refusal of the trial court to permit the plaintiff to reopen his case in chief and introduce additional testimony after the defendant had rested his case.

Section 359, O. S. 1931, prescribes the order in which proof may be made in the trial of a case. The party on whom rests the burden of the issues may first produce his evidence; the adverse party shall then produce his evidence; and then only evidence that either party may thereafter introduce, as a matter of right, is rebutting evidence.

Rebutting evidence is defined in 33 Cyc. 1571, as being "that evidence which has become relevant or important only as an effect of some evidence introduced by the other side." Also see Poppy v. Duggan, 109 Okla. 104, 235 P. 165.

The court found the evidence offered to be in the nature of repetition, and cumulative, and not necessary rebuttal evidence, and it so appears. That being true, the rights of the plaintiff were in no way prejudiced by the court's refusal to permit the introduction of such testimony.

Finding no material error in the record, the judgment of the trial court is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and PHELPS and GIBSON, JJ., concur.