W. S. RAY v. STEVENSON, County Judge.

No. A-9995. March 19, 1941.

(111 P. 2d 824.)

O. B. Martin, of Blackwell, for petitioner.

Mac Q. Williamson, Atty. Gen., for respondent.

JONES, J. This is an original proceeding filed in this court, in which the petitioner, W. S. Ray, seeks a writ of prohibition directed to the respondent, John C. Stevenson, as county judge of said county, to prohibit respondent from proceeding further in two criminal cases now pending in said county court, in which the petitioner is the defendant.

The verified petition alleges that the petitioner is now an instructor in the Yale high school, but that he formerly was the superintendent of schools at Pond Creek, in Grant county.

That he was charged by indictment in the district court of Grant county with the crime of practicing medicine without a license in case No. 990. On October 3, 1939, said case came on for arraignment of the defendant, at which time, upon motion of the state in open court, the district court dismissed said indictment and did not order that the same be resubmitted to the grand jury then in session in Grant county.

That thereafter, and on the same day, there was presented and filed in the district court of Grant county another indictment in case No. 999 against the petitioner, charging him with the same crime as the previous indictment and involving the same acts and circumstances and the same evidence; and the petitioner was again taken into custody and posted a bond for his further appearance in the same case. Thereafter, by order of the district court, said cause was transferred to the county court of

Grant county for further proceedings and docketed as case No. 2449.

That the petitioner was also charged by an indictment in case No. 994 with the crime of extorting by color of office the sum of $6 from one Robert Hamman; that on October 3, 1939, upon his arraignment, the district court dismissed the indictment upon motion of the state and did not order the same to be resubmitted to the grand jury.

That thereafter, and on the same day, the grand jury presented another indictment against the petitioner, charging him with the same crime as in the previous indictment and involving the same acts, circumstances, and evidence. That petitioner posted bond for his further appearance in said cause; and thereafter the district court made an order transferring said cause to the county court of Grant county for further proceedings, and said case is now docketed as case No. 2452 in the county court of Grant county.

That thereafter the petitioner presented and filed his motion to quash and set aside the indictment in both said cases, which motion was overruled by the respondent, as county judge. Thereupon the petitioner filed his demurrer to said indictments, which the court took under advisement until January 24, 1941, on which said date the respondent overruled the demurrer of the petitioner to each of said indictments and announced that the trial of said causes would be had on January 27, 1941.

That said indictments were not presented and filed as prescribed by the statutes of the State of Oklahoma, as the grand jury returned the same after the district court had dismissed the first indictments against the defendant and did not order a resubmission of the same to the grand jury. That the indictments show on their face that they do not state a public offense under the laws of the State of Okla-

homa, and the county court of Grant county is without authority to proceed further with the trial of said defendant upon said void and defective indictments.

A transcript of the proceedings, duly certified to by the court clerk of Grant county, pertaining to the charges hereinabove set forth are attached to the petition and made a part thereof.

In conclusion the petitioner prays this court issue its writ of prohibition directed to the respondent, John C. Stevenson, county judge of Grant county, commanding him to refrain from further proceedings in said cases Nos. 2449 and 2452.

In support of his petition there has been filed an elaborate brief by the attorney for the petitioner.

There has been no response nor brief filed on behalf of the respondent; however, when this matter was presented to the court herein, the Attorney General appeared on behalf of the respondent. Upon the presentation of the petition, the Criminal Court of Appeals issued an order directed to the respondent, commanding him to refrain from further proceedings in said cases until the further order of this court, and granting him an additional five days in which to file his response and brief to the petition filed herein.

Subsequent to this temporary order, issued the 27th day of January, 1941, there has still been no response and no brief filed on behalf of the respondent.

If the Criminal Court of Appeals followed the rule universally adopted for civil lawsuits, we would issue the writ of prohibition when no response nor brief is filed, and the brief submitted by the petitioner reasonably sustains the allegations of his petition. However, in criminal

cases the interests of the state are involved in every proceeding, and the orderly and correct administration of our criminal laws requires us to make an investigation of the record and the law in every case so that the interests of society as well as that of the individual will be protected. We, therefore, assume the duty of examining the record and laying down a rule of law for the future guidance of the courts of this state in similar actions. For this purpose, however, we assume the correctness of all allegations of fact contained in the petition filed herein.

At the outset, we are confronted with the proposition as to whether prohibition is the proper remedy for relief in this class of cases.

In Warner v. Mathews, 11 Okla. Cr. 122, 143 P. 516, 518, it is stated:

"We deem it sufficient to say that the legitimate scope and purpose of the writ is to prevent an inferior court from proceeding in an action over the subject-matter of which it has no jurisdiction."

In the case of Evans v. Willis, 22 Okla. 310, 97 P. 1047, 1051, 19 L. R. A, N. S., 1050, 18 Ann. Cas. 258, the Supreme Court of this state said:

"Such extraordinary writ will not be awarded when the ordinary and usual remedies provided by law, such as appeal, writ of error, certiorari, or other modes of review or injunction, are available."

In the case of Moss v. Arnold, 63 Okla. Cr. 343, 75 P. 2d 491, 498, this court held:

" 'Prohibition' is commonly defined, substantially, as a writ to prevent the exercise by a tribunal possessing judicial powers of jurisdiction over matters not within its cognizance, or exceeding its jurisdiction in matters of which it has cognizance. * * *

"The general rule is that the writ may not be used to test the sufficiency of an information; but this is subject to qualification, recognized in almost every jurisdiction, that where the accusation is not merely defective or technically insufficient, nor merely demurrable or subject to a motion to quash or set aside, but is elementary and fundamentally defective in substance, so that it charges a crime in no manner or form, the accused is entitled to have a writ of prohibition issue, or where it appears that the information charges an offense not within the jurisdiction of the trial court."

In the case of Corley v. Adair County Court, 10 Okla. Cr. 104, 134 P. 835, 837, Judge Furman, in an early opinion of this court, stated:

"The fact that an unauthorized person was present when the grand jury was deliberating upon this case would simply constitute a defect or irregularity which might be taken advantage of by the defendant or might be waived; therefore it would not make the indictment void. Where a county attorney is disqualified, the trial court has the right and it is its duty to appoint a special attorney to represent the state either before the grand jury or in open court. As to whether or not this power was properly exercised in the present case is a question which cannot be considered upon a petition for a writ of prohibition. Where the court has jurisdiction of the subject-matter and of the person of the defendant, the writ of prohibition will not lie on account of any irregularities in the action of the trial court. Appellate court should not interfere with trial courts in such instances, but the courts should be permitted to proceed to judgment, and the matters complained of should be reviewed only upon appeal, when the entire transcript of the record can be brought up for consideration. It would paralyze and defeat the enforcement of criminal law if writs of prohibition were issued on account of irregularities where the trial court had jurisdiction of the subject-matter and of the person of the defendant. In other words, a writ of prohibition cannot be used for the purpose of appealing cases upon the install-

ment plan. For these reasons we will not consider the question as to whether or not the action of the trial court in appointing Hon. R. Y. Nance as special county attorney was regular or irregular, but remit petitioners to their right to bring this case on appeal upon the entire record when all questions involved can be settled in one decision."

It is the contention of petitioner that the action of the district court in dismissing the original indictments in cases Nos. 990 and 999 without providing in his order at the same time that the matter be resubmitted to the grand jury, that said dismissal operated as an acquittal and is a bar to all future prosecutions growing out of these same facts and circumstances or involving the same charge.

The statute relied upon by the petitioner is sec. 2869, O. S. 1931, 22 Okla. St. Ann. § 383, and reads as follows:

"The dismissal of the charge does not, however, prevent its being again submitted to a grand jury as often as the court may so direct. But without such direction it cannot be again submitted."

Section 2869, supra, follows section 2868, 22 Okla. St. Ann. § 382, which provides:

"If nine grand jurors do not concur in finding an indictment against a defendant who has been held to answer the original information or the certified record of the proceedings before the magistrate transmitted to them, must be returned to the court, with an indorsement thereon, signed by the foreman, to the effect that the charge is dismissed."

Both of these acts have been a part of our Code of laws since 1890, section 2868, supra, appearing in the laws of 1890 as section 5496; section 2869, supra, as section 5497. It is evident from an examination of these two sections that the dismissal referred to in section 2869, supra, is a dismissal of the charge against a defendant held in custody after a hearing on a felony charge before a com-

mitting magistrate or in an original proceeding by information for a misdemeanor in county court because of the nonconcurrence of at least nine grand jurors, and does not pertain to a dismissal upon the motion of the state of an indictment presented by the grand jury, as was done in this case.

We do have certain statutes providing the procedure for the dismissal of indictments or informations where a demurrer or a motion to quash is sustained to an indictment or information upon the arraignment of a defendant in the district court in connection with a felony charge.

These statutes are as follows: Sec. 2937, O. S. 1931, 22 Okla. St. Ann. § 493; sec. 2940, O. S. 1931, 22 Okla. St. Ann. § 496; sec. 2942, O. S. 1931, 22 Okla. St. Ann. § 498; sec. 2943, O. S. 1931, 22 Okla. St. Ann. § 499; sec. 2944, O. S. 1931, 22 Okla. St. Ann. § 500; sec. 2945, O. S. 1931, 22 Okla. St. Ann. § 501; sec. 2946, O. S. 1931, 22 Okla. St. Ann. § 502; sec. 2948, O. S. 1931, 22 Okla. St. Ann. § 504; sec. 2951, O. S. 1931, 22 Okla. St. Ann. § 507; and sec. 2952, O. S. 1931, 22 Okla. St. Ann. § 508.

Section 2952, supra, reads as follows:

"If the demurrer is sustained, the judgment is final upon the indictment or information demurred to, and is a bar to another prosecution for the same offense, unless the court, being of opinion that the objection on which the demurrer is sustained may be avoided in a new indictment or information, direct the case to be resubmitted to the same or another grand jury, or that a new information be filed."

If the defendant had been arraigned upon a felony charge and had presented a demurrer to the original indictments, and the case had been dismissed by the court in sustaining the demurrer, and the order of dismissal of the court did not direct the case to be resubmitted to the same

or another grand jury or a new information be filed, in whichever case it might have been, then the defendant is entitled to his discharge, and the judgment upon the indictment or information demurred to becomes final and is a bar to another prosecution for the same offense. Section 2952, supra; State v. Robertson, 28 Okla. Cr. 234, 230 P. 932.

However, this court has held that the above sections of the statutes apply only to felony cases and do not apply in the case of misdemeanors. See Ex parte Dodson, 3 Okla. Cr. 514, 107 P. 450; Green v. State, 33 Okla. Cr. 268, 243 P. 533.

In the Green Case, supra, this court held that the sustaining of a motion to quash or a demurrer to indictment charging a misdemeanor is no bar to a subsequent prosecution by information for the same or any related offense.

Since the indictments herein attempted to charge only misdemeanors within the jurisdiction of the county court, the sustaining of a motion to quash or a demurrer would not prevent the filing of a new information, and for that reason prohibition would not lie herein. In this connection it might be added that when an indictment, charging only a misdemeanor, is filed with the district court, his only function is to transfer the cause to the county court. He has no jurisdiction to enter an order dismissing the indictment, as it is a matter entirely without the jurisdiction of the district court.

That leaves for consideration only the remaining proposition as to whether or not the indictments are so fatally defective that it is impossible to file a new information so as to state an offense within the jurisdiction of the county court. The indictment in case No. 2449, charging

the petitioner with undertaking to treat a person inflicted with a venereal disease, is defective in that it does not allege that the treatment was for pay. Section 4491, O. S. 1931, 63 Okla. St. Ann. § 545, reads:

"Any person who is not a physician, who shall undertake to treat or cure any infected person for pay, whether in money, property or obligation of any kind, unless acting under the direction and control of a physician, shall be guilty of a misdemeanor and upon conviction shall be punished by a fine of not less than One Hundred Dollars ($100.00) nor more than Five Hundred Dollars ($500.00) or by confinement in the county jail for a term of not less than thirty (30) days nor more than six (6) months or by both such fine and imprisonment; provided, however, that any person infected applying to any physician in this state shall receive the treatment provided for in this bill, regardless of his ability to pay."

The Attorney General admits that the indictment presented against the petitioner in this case is attempted to be drawn under this statute. The indictment is defective, and the demurrer thereto should have been sustained.

However, the county court has jurisdiction of these classes of cases, and another information in a new proceeding could be instituted against the defendant correcting this defect; and for that reason prohibition would not lie herein. However, if the county attorney is unable to secure proof that the treatment of the affected person was done for pay, as provided by the above statute, then this action should be dismissed.

As to the second indictment, it is alleged that the petitioner, the duly elected, qualified, and acting superintendent of the Pond Creek school district, and as such legal officer, and while acting and by and under color of such office, did extort certain money, etc.

This indictment was drawn under section 2076, O. S. 1931, 21 Okla. St. Ann. § 1484, which provides:

"Every person who commits any extortion under color of official right, in cases for which a different punishment is not prescribed by this Code, or by some of the statutes, which it specifies as continuing in force, is guilty of a misdemeanor."

The superintendent of schools of an independent school district is not an official as contemplated by this statute; he is merely an employee, hired under contract with the board of education, and, as such, cannot be guilty of extortion under color of official right under section 2076, supra.

In the case of Farley v. Board of Education of City of Perry, 62 Okla. 181, 162 P. 797, the Supreme Court of Oklahoma stated:

"A public officer is one whose duties are fixed by law and who in the discharge of the same knows no guide but established laws. Employment arising out of a contract whereby the person employed acts under the direction or control of others, and which employment depends for its duration and extent upon such a contract, is not an office.

"A city superintendent of schools, under the laws of the state of Oklahoma, is not an 'officer,' but an 'employee' of the board of education of the city. The board of education of a city is a body corporate, and a change in the personnel of the membership does not affect the entity of the corporate existence. Where there is nothing in the statutes limiting the authority of outgoing members, they may, as a board, before their term of office expires, contract for superintendent of schools under their control for the ensuing year, though the services contracted for may extend beyond the expiration of their terms of office, and such contracts will be binding upon the board of education, notwithstanding a change in the personnel thereof, to the same extent as if the new members as such board had made the contract and no further."

See, also, Warner v. City of Guymon, 176 Okla. 419, 55 P. 2d 969; Board of Education of City of Bartlesville v. Schmidt, 111 Okla. 277, 239 P. 580; State v. Sowards, 64 Okla. Cr. 430, 82 P. 2d 324.

In view of these decisions, it is our opinion that, the petitioner not being an officer as contemplated by section 2076, supra, this indictment is wholly void and cannot be cured by a new indictment or information pertaining to the alleged offense of extortion under color of official right; and for that reason the county court of Grant county should have sustained the demurrer of the petitioner to the indictment in said case and discharged the defendant therefrom.

For the reasons hereinabove stated, the petition for a writ of prohibition in connection with case No. 2449 is denied.

The indictment in case No. 2452 is fundamentally defective and not subject to correction by the filing of a new information. The prayer of the petitioner for a writ of prohibition in said case is hereby granted, and the county court of Grant county is hereby ordered and directed to refrain from proceeding further in said case.

BAREFOOT, P. J., and DOYLE, J., concur.