OPINION — AG — (1) WHEN A CITY COMMISSION MAILS A FLYER WITH ITS UTILITY BILLS WHICH ADVOCATES A SPECIFIC STAND ON A SALES TAX ELECTION, IT DOES NOT VIOLATE 11 O.S. 1978 Supp., 22-104 [11-22-104], BUT IT DOES VIOLATE 26 O.S. 1975 Supp., 16-119 [26-16-119](2) THE CALLING OF MUNICIPAL EMPLOYEES FROM THEIR JOBS WHILE ON PAYROLL TO ATTEND A PRESENTATION PROMOTING THE ADOPTING OF A SALES TAX IN AN ELECTION VIOLATES 26 O.S. 1974 Supp., 16-119 [26-16-119] CITE: OPINION NO. 79-346, ARTICLE XVIII, SECTION 4(A), 26 O.S. 1974 Supp., 16-119 [26-16-119] (WILLIAM W. GORDEN JR) ** SEE: OPINION NO. 91-027 (1992) ** ** SEE OPINION NO. 92-609 (1992) FILENAME: m0010007 Representative Charles Cleveland Attorney General of Oklahoma — Opinion November 18, 1980 JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA The Attorney General is in receipt of your requests for official opinions in which you ask, in effect, the following questions: Does a City Commission violate 26 O.S. 16-119 [26-16-119] (1975), prohibiting expenditure of public funds to support or oppose an initiative or referendum election or 11 O.S. 22-104 [11-22-104] (1978) regarding a municipality's right to engage in business by mailing with a municipality's utility bills a flyer advocating a specific stand on a sales tax election on behalf of a private committee ? May the employees of a municipality be called from their jobs while on payroll to attend a presentation promoting the adoption of a sales tax increase to be voted on by the citizens? Title 11 O.S. 22-104 [11-22-104] (1978) sets out certain powers of municipalities with regard to their right to engage in business, ownership of public utilities, their exercise of the right to eminent domain, the issuance of bonds and the lease of public utilities. The act described in your request bears no relation to these subjects, and consequently there is no violation of this particular statute. Title 26 O.S. 16-119 [26-16-119] (1974), which determines the outcome of both of your questions, states as follows: "Any official in this state who shall direct or authorize the expenditure of any public funds under his care, except as specifically authorized by law, to be used either in support of, or in opposition to, any measure which is being referred to a vote of the people by means of the initiative or referendum, or which citizens of this state are attempting to have referred to a vote of the people by the initiative or referendum, shall be deemed guilty of a misdemeanor, and the office held by such party shall be adjudged vacant and shall be filled in the manner-prescribed by law." Members of a City Commission constitute officials under 26 O.S. 16-119 [26-16-119] holding an office created by the Legislature, Oklahoma City v. Century Indemnity Co., 178 Okl. 212,62 P.2d 94 (1936), and meeting the definition set out in Ray v. Stevenson, 71 Okl. Cr. 339, 111 P.2d 824 (1941): ". . . one whose duties are fixed by law and who in the discharge of the same knows no guide but established laws." Your question does not specifically state whether a sales tax election should be considered a matter of initiative or referendum. However, the general rule would indicate that it is one or the other: "Generally, propositions or measures involving questions of taxation are legislative in character and, hence, are subject to initiative or referendum." Vol. 5, McQuillan, Municipal Corporations, 1657, P. 259, 3rd Edition, 1949. An election for the purpose of sales tax increases would be authorized by Article XVIII, Section 4(a) as an exercise of legislative authority, and will be either initiative or referendum in nature, both covered by 26 O.S. 16-119 [26-16-119]. A mailing, including the stuffing of envelopes and the use of city postage, would serve a legitimate purpose in the delivery of utility bills under the facts set out in your question. However, where that mailing is made to serve a dual purpose, and that second purpose being that of influencing an initiative or referendum election, such direction and authorization of expenditure of these public funds for such dual purpose constitutes the prohibited act under 26 O.S. 16-1191 [26-16-1191]. It is likewise with the expenditure of public funds in the situation outlined in your second question. Use of public moneys originally intended for payment of salaries of employees who should be engaged in service of the municipality may not be used to pay the same municipal employees for listening to a presentation promoting one side in an election. As was set out in Atty. Gen. Op. 79-346, the overall intent of the section would prohibit a public official from diverting the duties of other employees under his or her supervision to matters directly involving the support or opposition of the initiative or referendum. The direction or authorization of the expenditure of public funds to pay salaries to individuals for attending a meeting advocating the passage of a sales tax by initiative or referendum is violative of 26 O.S. 16-119 [26-16-119]. It is, therefore, the official opinion of the Attorney General that: 1. When a City Commission mails a flyer with its utility bills which advocates a specific stand on a sales tax election, it does not violate 11 O.S. 22-104 [11-22-104] (1978), but it does violate 26 O.S. 16-119 [26-16-119] (1975). 2. The calling of municipal employees from their jobs while on payroll to attend a presentation promoting the adoption of a sales tax in an election violates 26 O.S. 16-119 [26-16-119] (1974). (WILLIAM W. GORDEN, JR.) (ksg) ** See: Opinion NO. 91-027 (1991) ** ** See: Opinion No. 92-609 (1992) (Unpublished) **