Jerry WELLS and Betty Wells, Appellees.

v.

C.M. MAYS LUMBER COMPANY, INC., Appellant.

No. 66208.

Court of Appeals of Oklahoma, Division No. 1.

Nov. 10, 1987.

Rehearing Denied Feb. 18, 1988.

Certiorari Denied May 10, 1988.

Harry L. Bickford, Ardmore, for appellant.

D.C. Thomas, Oklahoma City, for appellees.

GARRETT, Judge:

Plaintiffs, Jerry and Betty Wells (Wells) contracted with Marvin Richardson (Richardson) to act as foreman and supervise the construction of their new home, barn, and outbuildings. Building materials were to be purchased from Defendant, C.M. Mays Lumber Company, Inc. (Mays). Richardson agreed to furnish all necessary tools. As compensation he was to be paid $3,000 per month and a $15,000 bonus upon completion.

The construction commenced and was progressing without incident until the Wells were told by Ronald McKim, an assistant manager at Mays Lumber that "something strange" was going on with reference to the charging of tools for the building project. A subsequent investigation into the matter resulted in Richardson being summarily discharged and this action being filed against Defendant.

Plaintiffs alleged that they were being charged for the cost of the tools provided to Richardson through inflated prices of building materials and the tools were being given to Richardson by the Defendant as kickbacks.

Richardson and Defendant denied the charge and claimed that Defendant was keeping a list of the tools Richardson had taken, and Richardson was going to pay for all of the tools when he received his bonus.

Plaintiffs prayed for actual and punitive damages for the alleged fraud.

A jury trial resulted in a verdict for Plaintiffs for $20,000 actual damages and $200,000 punitive damages. The trial court rendered judgment on the verdict in the amount of $220,000 for Plaintiffs against Defendant. Defendant filed a motion for a new trial and now appeals from the order overruling the motion.

Defendant alleges numerous errors by the trial court for reversal.

On the final day of the trial, after the Defendant had rested, Plaintiffs' counsel was allowed to re-open the case and present as rebuttal evidence a tape recorded conversation between Mr. Wells and Mr. McCain, an employee of Defendant. The tape recording concerned an alleged admission of guilt from McCain. Since Plaintiffs' counsel stated that he had forgotten about it or was unaware of it, the recording was not listed on the pre-trial order as an exhibit and came as a complete surprise to the Defendant. Defendant contends that the trial court's admission of the tape recording was an abuse of discretion as it violated rules relating to pre-trial orders, and was not proper rebuttal evidence and constituted harmful and unfair surprise.

█ Rebuttal evidence is properly deemed to be evidence which is relevant only by virtue of evidence introduced by the adverse party. Its function is to explain or rebutt the evidence introduced by the adverse party—not mainly to support the party's case-in-chief. *Middlebrook v. Imler, Tenny and Kugler M.D.'s,* 713 P.2d 572 (Okl.1985); *Townsend v. Cotten,* 180 Okl. 128, 68 P.2d 790 (1937); *Poppy v. Duggan,* 109 Okl. 104, 235 P. 165 (1925). The tape recording that Plaintiffs offered as rebuttal evidence should properly have been offered as evidence for their case-in-chief as it obviously went to the major premise of their argument.

In defense of offering the tape recording as rebuttal evidence, Plaintiffs cite authority that hold it admissible for a party to offer relevant testimony in rebuttal although it could have been offered to support the case-in-chief absent a showing of abuse of judicial discretion. *Melton v. Schulte,* 194 Okl. 639, 154 P.2d 90 (1944).

However, 12 O.S. 1981, § 2403 allows the exclusion of relevant evidence when its probative value is substantially outweighed by the danger of unfair prejudice or unfair and harmful surprise. We find that regardless of whether or not Plaintiffs' counsel actually knew of the existence of the tape recording prior to the last day of trial, he should have known about it. Rule 5, Rules of the District Court, 12 O.S. 1981

Ch. 2 App., relating to listing of exhibits in pre-trial orders was clearly and prejudicially violated. Rule 5 requires each attorney to submit a list to the adverse party of all documents and exhibits that he expects to use at trial. Presentation of the tape on the last day of trial without Defendant's prior knowledge that such tape existed was not only violative of pre-trial discovery requirements, but it also constituted harmful surprise and was clearly unfairly prejudicial to Defendant's case. We hold that under these circumstances, the trial court's admittance of the tape recording did amount to an abuse of discretion which constitutes reversible error.

Defendant made three additional contentions: (1) that the trial court erred in giving improper trial instructions relating to the law of agency; (2) that the trial court's admission of the expert testimony and his exhibits was improper; and (3) that the evidence produced did not support a finding of punitive damages. We do not deem it necessary to decide these issues as we are reversing the case on the issue of improper admission of the tape recording. We assume that the alleged irregularity involved in these additional contentions will not arise at the second trial.

REVERSED.

ROBINSON, P.J., and REYNOLDS, J., concur.