Ex parte Scott.

---

## Ex parte SCOTT.

[PETITION FOR PROHIBITION, &C.]

1. *Revised Code,* §§ 193–199 ; *to what cases apply.*—Sections 193–199 of the Revised Code, to compel the delivery of the books, papers, &c., of an office, were not intended to provide a mode for trying the right to the office. They apply only to cases where the title of the applicant to the vacated office is free from doubt, and his predecessor, or some other person, without reasonable claim thereto, willfully, contumaciously, or negligently, withholds the property of such office.

2. *Prohibition ; when will not be granted.*—When an appeal to the circuit court has been taken from the judgment of the probate court in favor of the contestant in a case of contested election for sheriff, and the successful party is proceeding under sections 103–199 of the Revised Code to recover from the incumbent the books, papers, &c., of the office, this court will not issue a prohibition against an injunction from

the chancery court restraining the further prosecution of the summary remedy, until decision upon the appeal.

THIS was a petition in this court by Scott for a prohibition, &c. The facts material to an understanding of the motion will be found in the opinion.

RICE, CHILTON & JONES, *pro motion.*
STONE & CLOPTON, and WATTS & TROY, *contra.*

[No briefs reached Reporter.]

B. F. SAFFOLD, J.—At an election held in Montgomery county in November, 1871, for sheriff of that county, Paul Strobach received the largest number of votes cast, and obtained the certificate of election. He also gave bond, took the oath of office, and received a commission as such officer. Charles H. Scott contested the election with him in the probate court, and judgment was given in his favor, and against Strobach. Strobach appealed from this judgment to the circuit court, giving bond as required by the statute. Notwithstanding the appeal, Scott made application to the probate court to recover the books, papers, property, &c., of the office from Strobach, as provided by art. 6, chap. 1, title 5, par. 1, of the Revised Code, p. 125. Strobach sued out an injunction from the chancery court to restrain this proceeding, until decision upon the appeal. On motion to dissolve the injunction, the chancellor refused to do so, and an appeal was taken to this court by Scott, which is now pending. Scott now, also, petitions for a writ of prohibition, or other remedial writ, which shall have the effect to permit him to proceed under his application for the recovery of the books, papers, &c.

The effect of the appeal taken by Strobach to the circuit court was to transfer the cause to that court, and to supersede the judgment of the probate court. The statute prescribes the bond to be exacted.—Election Act 1868. Such is the general effect of either a writ of error or an appeal.

3 Wend. Blackstone, 411; 1 Chit. Plead. 720; 3 Chit. Plead. 1207; *Petition of Berry*, 26 Barb. 55.

If this were not the case, as the petitioner contends, he would be permitted to oust the other party from his office under a judgment which might be reversed, without remedy to the latter, because no provision existed by which he could supersede that judgment. This of itself would call for the supervision of some superior tribunal. On the other hand, if Strobach's appeal does supersede the judgment, and the bond required by him is too small, as is alleged, Scott can not complain that he has resorted to an injunction, because he has thereby been compelled to give a sufficient bond.

It can not be supposed there is no remedy in our law for Strobach to maintain his possession of the office until the pending litigation concerning the right to it shall be finally adjudicated. It is the province of chancery to provide a remedy, if no other that is adequate exists. It has interfered by injunction when one of two claimants of an office, pending an action to test the title, has sought by suit to collect the salary.—*Mayor, &c., v. Flagg*, 6 Ala. 296. Why not in this case restrain the recovery of property without which the incumbent can not perform necessary public duties?

The judgment of the probate court in the matter of the books, papers, &c., is as binding, in a proper case, as any other adjudication until reversed. Might not Strobach recover the office in the circuit court, and Scott retain the property of the office by equally valid and binding judgments.

In *People v. Peabody*, (26 Barb. 437–440,) it is said an officer acting under a statute of like import, has no right to grant the order prayed for, until the title of the applicant is clear and free from all doubt. This summary remedy was never intended to try the right to the office. If it did so, it would be unconstitutional, because not providing for an appeal or a trial by jury. It was only designed to operate in cases where an office is vacated, and the predecessor, or other person, without any rational claim, willfully,

contumaciously, or negligently withholds the specified property.

It is clear, that this case is not one in which the probate court should entertain the application. The controversy is in the best condition for both parties that it can be placed at this time.

The prohibition is denied.