## FLOOD v. STATE *ex rel.* CALDWELL.

### No. 1847. Opinion Filed January 10, 1911.

1. OFFICERS—Prohibition Enforcement Attorney—Constitutionality—Powers. Section 24, art. 3 of the Enforcing Act (Session Laws 1907-8, p. 612), empowering the Governor to appoint an attorney as counsel to the Governor, whose duty it shall be to enforce the provisions of said act, relating to the prohibition, etc., of intoxicating liquors, etc., is not repugnant to section 1, art. 4 of the Constitution.

    (a) Such officer, as counsel to the Governor, is authorized to bring actions in the name of the state to recover penalties under said act.

2. APPEAL AND ERROR—Specification of Error—Necessity. Same as paragraph 7 of syllabus in Noble State Bank v. Haskell et al., 22 Okla. 48, 97 Pac. 590.

(Syllabus by the Court.)

*Error from Superior Court, Oklahoma County; A. N. Munden, Judge.*

Action by the State, on the relation of Fred S. Caldwell, against Z. T. Flood. From the judgment, defendant brings error. Affirmed.

*E. G. McAdams*, for plaintiff in error.

*F. S. Caldwell*, for defendant in error.

WILLIAMS, J. The following questions are raised in the petition in error:

(1) Is section 24 of art. 3 of the Enforcing Act (Sess. Laws 1907-08, p. 612), empowering the Governor to appoint an attorney as counsel to the Governor, whose duty it shall be to enforce said act, repugnant to section 1 of art. 4 of the Constitution, and has (a) Fred S. Caldwell, as counsel to the Governor, the authority to institute this action in the name of the state?

(2) Is section 12 of art. 3 of the Enforcing Act (Sess. Laws 1907-8, p. 607; Comp. Laws Okla. 1909, sec. 4191) in conflict with section 2 of art. 7 of the Constitution?

1. In *Childs v. State,* 4 Okla. Cr. 474, recently decided by the Criminal Court of Appeals of this state, this proposition was determined adversely to the contention of the plaintiff in error. In *Ex parte Justus,* 26 Okla. 101, 110 Pac. 908, this court quoted from *Griffin v. Tucker,* 102 Tex. 420, 118 S. W. 635, the following excerpt with approval: "Ordinarily this court follows the construction given to penal statutes by the Court of Criminal Appeals, since the enforcement of such statutes must be in accordance with such construction. * * *" Section 24, art. 3, *supra,* is not a penal statute. But it has to do almost solely with the enforcement of such statutes. No federal question being involved, the judgment of such court on such statute, except as it may be incidentally involved in civil actions to recover penalties or remove certain officers under the Enforcing Act, is not only final, but practically exclusive. We, therefore, follow the conclusion therein reached.

2. This question is neither assigned as error nor argued as such in the brief of plaintiff in error. Therefore, it will be treated as waived.

The order of the lower court is affirmed.

All the Justices concur.