## CORLEY et al. v. ADAIR COUNTY COURT.

No. A-2049.   Opinion Filed September 9, 1913.

(134 Pac. 835.)

1.   **PROHIBITION—Criminal Court of Appeals—Jurisdiction.** Upon a proper showing the Criminal Court of Appeals has the right and power to issue a writ of prohibition in a criminal case.

2.   **GRAND JURY—Prohibition—Presence of Unauthorized Persons —Issuance of Writ—Grounds.** (a) The fact that an unauthorized person was present when the grand jury was deliberating upon a case would not authorize the issuance of a writ of prohibition prohibiting the trial court from trying the defendant upon an indictment found under such circumstances.

(b) Appellate courts should not interfere by writ of prohibition with the trial of causes where a trial court has jurisdiction of the subject-matter and the person of the defendant; but such trial courts should be permitted to proceed to judgment, and any irregularities should only be reviewed upon appeal.

Application of W. A. Corley and others for writ of prohibition to the County Court of Adair County. Writ denied.

On the 10th day of March, 1913, the district court of Adair county being in regular session, an order was entered upon the record, by the judge, reciting that the county attorney of Adair county was disqualified from appearing in his official capacity before the grand jury of said court in some matters which would be investigated by said grand jury and appointing R. Y. Nance, a regular practicing attorney of Adair county, as special county attorney to appear before and advise said grand jury with reference to such matters. Said R. Y. Nance was then sworn in as special county attorney of Adair county. To all these proceedings the regularly elected county attorney of Adair county protested. The grand jury returned an indictment against petitioners charging them with a conspiracy, which indictment, being for a misdemeanor, was transferred to the county court for trial. Petitioners filed a motion in the county court to set aside the indictment upon the ground that it was returned by a grand jury attended by an unauthorized person. This motion was overruled by the court, and upon trial petitioners were convicted, and the court set a day for pronouncing judgment. Thereupon a petition for writ of prohibition was filed in the Criminal Court of Appeals asking that the county court of Adair county be prohibited from rendering judgment against petitioners upon the verdict rendered by said grand jury finding petitioners guilty of said conspiracy.

*S. M. Rutherford* and *W. L. Curtis,* for petitioners.

*C. J. Davenport,* Asst. Atty. Gen., *W. W. Hastings, Pete Helton,* and *Arnold & Chase,* for the State.

FURMAN, J. (after stating the facts as above). First. Has this court power to issue a writ of prohibition?

Section 187, Williams' Ann. Const. Okla., is as follows:

"The appellate jurisdiction of the Supreme Court shall be coextensive with the state, and shall extend to all civil cases at law and in equity, and to all criminal cases until a Criminal Court of Appeals with exclusive appellate jurisdiction in criminal cases shall be established by law."

This provision of the Constitution is subject to but one rational construction, and that is: When the Criminal Court of Appeals was established by law with exclusive appellate jurisdiction in criminal cases, such jurisdiction ceased on the part of the Supreme Court, and the Criminal Court of Appeals became in fact and in law the Supreme Court of the state in all criminal cases and was vested with all the power and authority exercised in criminal cases by the Supreme Court prior to that time. By necessary implication the Criminal Court of Appeals has the exclusive right and power to issue all writs and do all things which are incident or essential to the complete exercise of its appellate jurisdiction in criminal cases. Any other construction of this provision would result in conflicts and confusion in the administration of the criminal laws of the state upon the well-recognized principle that two bodies of equal density cannot occupy the same space at the same time. This is evidently the construction placed upon the foregoing provision of the Constitution by the Legislature, as is shown by section 1770, Rev. Laws 1910, which is as follows:

"Said court and judges thereof shall have the power to issue writs of *habeas corpus;* and, under such regulations as may be prescribed by law, issue such writs as may be necessary to exercise its jurisdiction; and may prescribe and promulgate such rules for the government of said court as it may deem necessary."

In harmony with these views, in the case of *State ex rel. Ikard v. Russell, Judge,* 33 Okla. 141, 124 Pac. 1092, the Supreme Court of this state, speaking through Mr. Justice Kane, said:

"It is the settled policy of the Supreme Court to follow the construction given to criminal statutes by the Criminal Court of Appeals, since the enforcement of such statutes must be in accordance with such construction. *Ex parte Justus,* 26 Okla. 101, 110 Pac. 907; *Flood v. State ex rel.,* 27 Okla. 852, 113 Pac. 914; *Herndon v. Hammond, County Judge,* 28 Okla. 616, 115 Pac. 775."

In construing the section of the Constitution providing for the creation of the Criminal Court of Appeals above quoted, Mr. Justice Williams, speaking for the Supreme Court of Okla-

homa, in the case of *Ex parte Anderson,* 33 Okla. 216, 124 Pac. 980, said:

"The Criminal Court of Appeals in certain cases has jurisdiction in prohibition, mandamus, and *habeas corpus* proceedings. *Herndon v. Hammond, County Judge, supra; Eubanks v. Cole,* 4 Okla. Cr. 25, 109 Pac. 736; *State ex rel. Sims v. Caruthers, Judge,* 1 Okla. Cr. 428, 98 Pac. 474; *Ex parte Show,* 4 Okla. Cr. 416, 113 Pac. 1062; *Ex parte Adair,* 5 Okla. Cr. 374, 115 Pac. 277; *Ex parte Martin,* 6 Okla. Cr. 224, 118 Pac. 155; *State ex rel. v. Russell, Judge. supra.''*

Without further elaboration, we are of the opinion that upon a proper showing in a criminal case this court has the power and right to issue a writ of prohibition.

Second. What are the conditions under which a writ of prohibition should be issued in a criminal case? This question is fully and correctly answered by Mr. Justice Williams, of the Supreme Court of Oklahoma, in the case of *Evans v. Willis,* 22 Okla. 310, 97 Pac. 1047, 19 L. R. A. (N. S.) 1050, 18 Ann. Cas. 258, as follows:

"The next question arises as to whether or not the writ of prohibition herein sought is the proper remedy. Such writ will not be issued on account of errors or irregularities in the proceedings of a court having jurisdiction, or on account of insufficiency of averment or pleading, or upon matters of defense which may be properly raised in the lower court. *Ex parte Branch,* 63 Ala. 383; *Epperson v. Rice,* 102 Ala. 668, 15 South. 434; *Clark v. Superior Court,* 55 Cal. 199; 16 Enc. Pl. & Pr. p. 1126, and authorities cited in footnotes 2-4. The better rule appears to be that the writ will be issued where the lower court appears to be without jurisdiction upon the record and admitted facts. 16 Enc. Pl. & Pr. p. 1128, and authorities cited in footnotes 1 and 2. Such extraordinary writ will not be awarded when the ordinary and usual remedies provided by law, such as appeal, writ of error, *certiorari,* or other modes of review or injunction, are available. *Ex parte Smith,* 23 Ala. 94; *Ex parte Smith,* 34 Ala. 455; *Ex parte Scott,* 47 Ala. 609; *Ex parte Reid,* 50 Ala. 439; *Ex parte Mobile, etc., Ry. Co.,* 63 Ala. 349; *Weaver v. Letherman,* 66 Ark. 211, 49 S. W. 977; 16 Enc. Pl. & Pr. p. 1130, and authorities cited in footnote 2. There is no general rule by which the adequacy or inadequacy of a remedy can be ascertained, but the question is one to be determined upon the facts of each particular case. The writ will not be issued on ac-

count of the inconveniences, expense, or delay of other remedies, but will be granted where the remedy available is insufficient to prevent immediate injury or hardship to the party complaining, particularly in criminal cases. 16 Enc. Pl. & Pr. p. 1131, and authorities cited in footnotes 1 and 2. It appears that in criminal cases neither appeal, *habeas corpus,* nor *certiorari* would be a plain, speedy, or adequate remedy. 16 Enc. Pl. & Pr. p. 1132, and authorities cited in footnote 1. The undisputed facts showing the indictment upon which the prosecution was based to be absolutely void, the writ of prohibition was declared to be the proper remedy. *Bruner v. Superior Court,* 92 Cal. 239, 28 Pac. 341; *People v. Spiers,* 4 Utah, 385, 10 Pac. 609, 11 Pac. 509; *People v. Carrington,* 5 Utah, 531, 17 Pac. 735; *People v. Southwell,* 46 Cal. 141; *People v. Colvy,* 54 Cal. 37; *People v. Hunter,* 54 Cal. 65; *Levy v. Wilson,* 69 Cal. 105, 10 Pac. 272; *Ex parte Brown,* 58 Ala. 542; 16 Enc. Pl. & Pr. p. 1132, and authorities cited in footnotes 1 and 2."

The fact that an unauthorized person was present when the grand jury was deliberating upon this case would simply constitute a defect or irregularity which might be taken advantage of by the defendant or might be waived; therefore it would not make the indictment void. Where a county attorney is disqualified, the trial court has the right and it is its duty to appoint a special attorney to represent the state either before the grand jury or in open court. As to whether or not this power was properly exercised in the present case is a question which cannot be considered upon a petition for a writ of prohibition. Where the court has jurisdiction of the subject-matter and of the person of the defendant, the writ of prohibition will not lie on account of any irregularities in the action of the trial court. Appellate courts should not interfere with trial courts in such instances, but the courts should be permitted to proceed to judgment, and the matters complained of should be reviewed only upon appeal, when the entire transcript of the record can be brought up for conisderation. It would paralyze and defeat the enforcement of criminal law if writs of prohibition were issued on account of irregularities where the trial court had jurisdiction of the subject-matter and of the person of the defendant. In other words, a writ of prohibition cannot be

used for the purpose of appealing cases upon the installment plan. For these reasons we will not consider the question as to whether or not the action of the trial court in appointing Hon. R. Y. Nance as special county attorney was regular or irregular, but remit petitioners to their right to bring this case on appeal upon the entire record, when all questions involved can be settled in one decision.

The writ of prohibition, being an extraordinary remedy, can only be invoked in extreme cases; and, to prevent irreparable injury. The writ of prohibition is, therefore, denied.

ARMSTRONG, P. J., and DOYLE, J., concur.