## BOGGESS v. WOOD, District Judge.

No. A-11918. April 1, 1953.

(255 P. 2d 952.)

W. F. Smith and O. B. Martin, Oklahoma City, for petitioner.

Wilson Smithen, County Atty., Chickasha, for respondent.

JONES, J. This is an original action wherein the petitioner, James Boggess, seeks a writ of prohibition directed to the Honorable L. A. Wood, judge of the district court of Grady county, commanding him to refrain from further proceedings in the trial of case No. 3704, criminal, in the district court of said county, wherein the petitioner James Boggess was charged with the crime of murder and to strike said cause from the trial calendar on March 30, 1953.

The verified petition alleged that the chief counsel of petitioner was ill and unable to be present to conduct the trial of the accused. That a motion for continuance on said ground had been filed before the said judge and had been denied because the petitioner had other counsel to represent him. The petitioner further alleged that the said W. F. Smith was the person employed by the petitioner to represent him on said charge and the district court's action in overruling the motion for continuance was arbitrary.

It is unnecessary for us to set out the facts shown in the response of the judge. If the trial court erred in overruling the motion for continuance, it would be a matter that could properly be called to this court's attention in an appeal from a judgment of conviction.

In the case of State ex rel. Wester v. Caldwell, 84 Okla. Cr. 334, 181 P. 2d 843, this court held:

"Writ of 'prohibition' may not issue to prevent inferior court from erroneously exercising jurisdiction, but only to prohibit proceedings as to which inferior tribunal is wholly without jurisdiction, or threatens to act in excess of jurisdiction.

"The prerogative writ of prohibition should be issued with forbearance and caution, and only in cases of necessity, and not in a doubtful case."

In the case of Hughes v. James, 86 Okla. Cr. 231, 190 P. 2d 824, 828, it was stated:

"We do not feel, however, that under the law this court would be justified in issuing the writ of prohibition, which may only be legally issued where there is an absolute lack of jurisdiction in the inferior court. The inferior court has jurisdiction of the subject matter and the question here presented is properly one to be submitted to it for its determination."

In the case of State ex rel. Attorney General v. Higgins, 76 Okla. Cr. 321, 137 P. 2d 273, it was held:

"Prohibition will lie only to prevent an encroachment, excess, usurpation, or improper assumpton of jurisdiction on the part of an inferior court, or to prevent some great outrage upon the settled principles of law and procedure .

"Prohibition is an extraordinary judicial writ issuing out of a court of superior jurisdiction to keep inferior courts and tribunals within the limits and bounds prescribed for them by law.

"On application for a writ of prohibition the only inquiry which will be entertained is as to the jurisdiction of the court against which the relief is invoked, and, consequently, this court will not investigate the merits of the cause before the inferior court."

Since it is readily apparent that the district court of Grady county had jurisdiction to consider and pass on the motion for continuance filed by the petitioner, this court, under the authority of the above decisions, would not be authorized to interfere with the court's action by the issuance of a writ of prohibition.

The writ is denied.

POWELL, P. J., and BRETT, J., concur.