J. Phil BURNS, Petitioner,

v.

DISTRICT COURT OF OKLAHOMA COUNTY, Oklahoma, and William L. Fogg, District Judge of Oklahoma County, Respondents.

No. A–12715.

Criminal Court of Appeals of Oklahoma.

Feb. 18, 1959.

Coleman Hayes, Lynn J. Bullis, Jr., Dick Jones, Oklahoma City, Charles R. Jones, Oklahoma City, on the brief, for petitioner.

James W. Bill Berry, County Atty., Wm. N. Mounger, Asst. County Atty., Oklahoma County, Oklahoma City, for respondents.

POWELL, Presiding Judge.

This is an original proceeding filed in this court, in which petitioner, J. Phil Burns, seeks a writ of prohibition directed to the respondent, the District Court of Oklahoma County, Oklahoma, and William L. Fogg, district judge of Oklahoma County, to prohibit further proceedings in case No. 25220 in which the petitioner is a defendant.

It is alleged in the verified petition that on August 28, 1958 a purported indictment was filed in the district court of Oklahoma County with the court clerk in case No. 25220, wherein petitioner and others were purportedly charged in said indictment with the crime of obtaining money by false pretenses; that on January 16, 1959 petitioner, one of the defendants in said indictment, appeared before the district court of Oklahoma County and filed his motion to quash the indictment in said case No. 25220 for reasons stated in said motion, and on January 19, 1959 the district court of Oklahoma County made and entered its order overruling such motion to quash the indictment.

It is further alleged that also on January 16, 1959, petitioner, one of the defendants in said indictment, filed and presented to the district court of Oklahoma County a demurrer to said indictment, asserting the insufficiency of the same, and on January 19, 1959, the district court of Oklahoma County made and entered its order overruling such demurrer.

It is then concluded that the district court of Oklahoma County and William L. Fogg, as judge thereof, is now assuming to exercise jurisdiction and authority and apply judicial force in that the indictment was on January 19, 1959, set for trial, and will, unless restrained and prohibited by this court, unlawfully exercise jurisdiction and authority and wrongfully apply judicial force, the petitioner setting out some four propositions as sub-heads, as follows:

"a. The indictment against the accused is fundamentally defective and cannot be amended so as to charge a crime, and, therefore, the district court of Oklahoma County is without jurisdiction to proceed to try the accused, J. Phil Burns, on such alleged indictment.

"b. The District Court of Oklahoma County has no venue of said offense. The venue, if any crime has been committed, is in Harper County, Oklahoma, as shown by the stipulation of facts filed with the District Court of Oklahoma County and signed by counsel for both the State of Oklahoma and the defendant, J. Phil Burns. The stipulation of facts signed by counsel for the State and your petitioner which was submitted to the Court at the hearing on the motion to quash the indictment is hereto attached, marked Exhibit '2' and made a part hereof.

"c. The stipulation of facts which includes the testimony of the complaining witness, E. J. Rader, affirmatively shows that the crime, if any, that was committed was larceny by fraud and not the alleged offense of obtaining money by false pretense.

"d. The District Court of Oklahoma County is without jurisdiction for the reason that the indictment was not concurred in by nine (9) grand jurors as required by law for the reason that nine (9) indictments were voted by said grand jurors on one ballot (see stipulation of facts, paragraphs 12 and 13)."

This is followed with a major proposition that the district court is wholly without jurisdiction to hear the criminal indictment, that petitioner has no available remedy to prevent immediate injury and hardship to the petitioner, and that to require him to submit to trial and invoke the remedy of appeal occasioning delay and necessitating an appeal bond, or resulting in his being confined in jail pending the determination of his appeal, when the same conclusion as to the lower court being

without jurisdiction will be reached, would cause unnecessary and unreasonable hardship upon the petitioner; citing Bennett v. District Court of Tulsa County, 81 Okl. Cr. 351, 162 P.2d 561.

A brief in support of the propositions urged was filed along with the petition. Also there was filed a stipulation that had been entered into between the County Attorney and counsel for the petitioner at the time the District Court heard the motion to quash and set aside the indictment, and the demurrer to the indictment.

Under the circumstances recited, this Court on January 19, 1959, issued an alternative writ and set the matter down for hearing for February 4, 1959, there being a heavy docket to be heard on January 28, 1959; but on the insistence of the County Attorney, the matter was reset for January 28, and both sides presented briefs and argued the various propositions on that date.

This case has caused the Court much concern, it being the first matter in the writer's ten years on the Court where persons apparently inflamed investors (or their friends) of Selected Investment Corporation, have written and telephoned the Court, seeking the setting aside of due process of law and the imposition of summary punishment of petitioner because of factual matters that have been aired in the press, and which, of course, are not before this Court.

■■ All this Court is interested in at this stage of the proceedings is the determination of the question of the jurisdiction of the trial court to proceed with the case. Boggess v. Wood, District Judge,

96 Okl.Cr. 378, 255 P.2d 952. If it does not have jurisdiction, the writ should issue. On the other hand, if it does have jurisdiction of the subject matter and of the defendant, the writ may not issue, regardless of the fact that the record may contain error that might possibly, in case of conviction, entitle the defendant to a reversal. Corley v. Adair County Court, 10 Okl.Cr. 104, 134 P. 835 [1]; Hughes v. James, 86 Okl.Cr. 231, 190 P.2d 824.

■ Judge Furman quotes liberally from the basic case in this State, being from the Supreme Court prior to the establishment of this Court, where Chief Justice Robert L. Williams was author of the opinion in Evans v. Willis, 22 Okl. 310, 97 P. 1047, 1051, 19 L.R.A.,N.S., 1050, 18 Ann.Cas. 258, and said:

"Such writ [prohibition] will not be issued on account of errors or irregularities in the proceedings of a court having jurisdiction, *or on account of insufficiency of averment, or pleading, or upon matters of defense which may be properly raised in the lower court* [citing cases]. The better rule appears to be that the writ will be issued where the lower court appears to be without jurisdiction upon the record and admitted facts [citing cases]. Such extraordinary writ will not be awarded when the ordinary and usual remedies provided by law, such as appeal, writ of error, certiorari, or other modes of review or injunction, are available [citing cases]. *There is no general rule by which the adequacy or inadequacy of a remedy can be ascertained, but the question is one to be determined*

---

[1]. In the body of the opinion in the Adair case, supra, Judge Furman, at page 108 of 10 Okl.Cr., at page 837 of 134 P. said:
"Where the court has jurisdiction of the subject-matter and of the person of the defendant, the writ of prohibition will not lie on account of any irregularities in the action of the trial court. Appellate courts should not interfere with the trial courts in such instances, but the courts should be permitted to pro-

ceed to judgment, and the matters complained of should be reviewed only upon appeal, when the entire transcript of the record can be brought up for consideration. It would paralyze and defeat the enforcement of criminal law if writs of prohibition were issued on account of irregularities where the trial court had jurisdiction of the subject-matter and of the person of the defendant."

*upon the facts of each particular case.* The writ will not be issued on account of the inconvenience, expense, or delay of other remedies, but will be granted where the remedy available is insufficient to prevent immediate injury or hardship to the party complaining, particularly in criminal cases." (Emphasis supplied)

In Evans v. Willis, the writ issued because it was apparent on the face of the record and undisputed facts, that the indictment upon which the prosecution was based, was absolutely void. There the regular county attorney had refused to file an information in the county court charging one Evans with assault and battery, so a private prosecutor, one Matheyer, filed the same and prosecuted to conviction. But prior to entry of judgment, a writ of prohibition was sought. The court said:

"The information filed in this case by the private prosecutor, who was neither the county attorney nor any officer authorized by law, was void."

See Ray v. Stevenson, 71 Okl.Cr. 339, 111 P.2d 824, where the county court was proceeding in an action over subject matter of which he had no jurisdiction.

Also illustrative of a case where jurisdiction of the court was involved, is Warner v. Mathews, 11 Okl.Cr. 122, 143 P. 516. A writ of prohibition was granted because the petitioner was being prosecuted there for a misdemeanor, when the county court had exclusive jurisdiction of misdemeanors.

■■ In State ex rel. Wester v. Caldwell, 84 Okl.Cr. 334, 181 P.2d 843, 844, prisoners from the penitentiary were in jail at Marietta for the purpose of testifying in a case pending, and by way of application for writ of habeas corpus, were admitted to bail by a visiting judge of the same district, pending hearing. This Court, while holding that the judge abused his discretion in admitting the prisoners to bail, refused to grant a writ of prohibition

sought by the State. It was there said, in paragraphs 4 and 5 of the syllabus:

"Writ of 'prohibition' may not issue to prevent inferior court from erroneously exercising jurisdiction, but only to prohibit proceedings as to which inferior tribunal is wholly without jurisdiction, or threatens to act in excess of jurisdiction.

"The prerogative writ of prohibition should be issued with forbearance and caution, and only in cases of necessity, and not in a doubtful case."

Petitioner contends that the district court of Oklahoma County does not have jurisdiction in this case. It is urged that the case of Bennett v. District Court of Tulsa County, 81 Okl.Cr. 351, 162 P.2d 561 is decisive and supports his right to the writ. There are two Bennett cases. The above involving a charge of perjury growing out of testimony given before a Tulsa County grand jury where Bennett and others were eventually charged with conspiracy to defraud the State. See State v. Bennett, 81 Okl.Cr. 206, 162 P.2d 581. The trial court decided the conspiracy case in favor of the defendants by quashing the indictment. It found that all the overt acts took place in Oklahoma County, so that venue would lie in that county, and therefore Tulsa County had no jurisdiction of the case. See, in this connection 22 O.S.1951 § 504 subd. 1. It further found that the acts charged took place more than three years prior to the indictment and prosecution was barred by the statute of limitations, and this, of course, would be true, even if the venue for the charge was properly laid in Tulsa County, thus giving the district court jurisdiction.[2] The State appealed the conspiracy case to this Court and that case was decided on the same day, but prior to the perjury case, and affirmed.

In the perjury case referred to above, the district court of Tulsa County had overruled a motion to quash the indictment,

2. For distinction between "venue" and "jurisdiction" see Black's Law Dictionary, 3rd ed.

overruled a demurrer, and proposed to proceed to trial. An affirmative writ of prohibition had been issued. Now when this Court came to decide whether the petitioner was entitled to the writ in the perjury case, it was faced with the holding in the conspiracy case, that petitioner could not be prosecuted in that case by reason of the fact that the crime was barred by the statute of limitations and that the district court of Tulsa County was without jurisdiction to try, or the grand jury to investigate, because the venue of the action did not lie in Tulsa County.

Under such state of facts, did the district court of Tulsa County have jurisdiction to try the perjury case? This court said:

"In order to constitute perjury, the false statement must be made in a proceeding, or in relation to a matter within the jurisdiction of the tribunal or officer before whom the proceeding is held, or by whom the matter is considered.

"The general rule is that perjury cannot be assigned upon the alleged false testimony of a witness given in the course of a trial, or before a tribunal, where the court has no jurisdiction of the offense charged. An exception to the general rule is that perjury may be charged where the proceedings are merely erroneous or voidable, or where jurisdiction had been properly had and lost.

"False testimony before a grand jury in order to be perjury, must necessarily be as to a matter which the grand jury had power to investigate.

"A grand jury is an inquisitorial body pertaining alone to offenses committed within the county, or that could be prosecuted in the county, and has no power to inquire concerning offenses committed beyond the county's boundaries."

"Where one is charged with the crime of perjury, the false swear-ing must be material to the issue or question under consideration, before a conviction will be sustained."

This Court in the Bennett case, while reiterating the principle that the writ of prohibition is a highly remedial writ, and ordinarily will not be granted unless absolutely necessary, went on to hold:

"When it appears to the court having jurisdiction to issue the writ of prohibition that the lower court, under any conditions, is without jurisdiction to try the accused upon the indictment or information filed, with all amendments permitted under the law considered as made, to require one to invoke the remedy of appeal occasioning delay and necessitating an appeal bond, or resulting in his being confined in jail pending the determination of his appeal, when the same conclusion as to the lower court being without jurisdiction will be reached, would cause an unnecessary and unreasonable hardship upon the accused, the writ of prohibition will be granted to relieve this hardship."

█ In the within case the information charges that the crime charged was committed in Oklahoma County, and charges a crime within the jurisdiction of the district court. While it is true that it is shown by a stipulation that one Rader paid over his money to one Lake in Harper County for the purpose of purchasing certificates in Selected Investment Corporation, and on hearing before this Court we are still in the dark as to how venue in Oklahoma County may be proved, on trial the State would not be precluded from further proving venue in making out its case. Indeed, we may cite an instance where the State failed in a prosecution of one Kilpatrick (Kilpatrick v. State, 90 Okl.Cr. 276, 213 P.2d 584) for larceny in making out its case to prove venue, but when the defendant testified, his own counsel asked him a question where the answer proved the venue in Woodward County. On appeal to this Court one ground for

reversal was that the State failed to prove venue of the alleged crime by direct or circumstantial evidence. This Court said:

"Only those allegations in an indictment or information which involve the guilt of a defendant are to be proved beyond a reasonable doubt. The venue of an offense does not come within this class, but there must be some proof of venue.

"Venue may be proved by circumstantial evidence.

"Where the accused desires to challenge the venue, he should do so *by a request for an instructed verdict because of insufficient proof of venue, in order that the trial court might determine this issue.*" (Emphasis supplied)

■ We see from the above that the question of venue may properly be raised, and should be raised, if there is a question as to proof of venue, at the close of all the testimony.

Also, 22 O.S.1951 § 504 provides:

"The defendant may demur to the indictment or information when it appears upon the face thereof either:

"1. That the grand jury by which an indictment was found had no legal authority to inquire into the offense charged, by reason of its not being within the legal jurisdiction of the county. * * *"

It is then further provided by 22 O.S. 1951 § 512:

"When the objections mentioned in section 5791 [22 O.S.1951 § 504] appear upon the face of the indictment or information, they can only be taken by demurrer, except that the objection to the jurisdiction of the court over the subject of the indictment or information, or that the facts stated do not constitute a public offense, may be taken at the trial, under plea of not guilty, and in arrest of judgment."

From what has been said, and by reason of the difference in the factual situation in the Bennett case (81 Okl.Cr. 351, 162 P. 2d 561) and the facts in the within case, we do not feel that the Bennett case would support the issuance of a writ of prohibition in the within case. Indeed the principles that we have quoted, precluded such, and we must deny the writ.

■ This is not to say that a serious question of venue may not develop on trial, but we must assume that the trial court will do its duty when the evidence is in, and rule properly if venue not proven. This question had bothered members of this Court in studying the case prior to oral argument here on January 28, 1959, and County Attorney Berry, who argued the matter before this Court without request for aid from the Attorney General, was asked:

"Judge Nix: I think everybody is in accord on the fact, Mr. Berry, that your theory is, it will be your effort to prove at this trial that a part of this crime was consummated in Oklahoma County, and that unless you can prove that, of course this Court [the District Court of Oklahoma County] would not have venue?

"Mr. Berry: Yes, sir, that's right. My point is this, that if we do not prove venue as a part of the State's evidence in chief, a demurrer to the evidence as to J. Phil Burns will certainly lie, and if the court would not let Phil Burns out, he could certainly come to this Court and get a writ of prohibition in jig time. That is exactly my contention."

■ Of course from what has been said, contrary to the thought expressed by the County Attorney, we see that one may not test the correctness of the action of the trial court in ruling on a demurrer, by petition to this Court for writ of prohibition, and that where venue is involved, and accused desires to challenge the venue, he should do so by request for an instructed verdict because of insufficient proof of venue, in order that the trial court might determine this issue.

The purport of what we have said is to deny the testing of all propositions advanced by way of application for writ of prohibition. But reaching such decision, we have necessarily had to give much thought to, and have deliberated long over all the propositions raised in the petition, and heretofore noted.

The two propositions that gave us most concern were "a" and "d" of the petition for writ, and heretofore quoted, involving the sufficiency of the indictment and whether the indictment was concurred in by nine jurors, but which may be reviewed by this Court on appeal in case of a conviction, if the trial court finally rules adversely to the defendant, petitioner here.

In view of our denial of the writ, to say more on the propositions raised would constitute gratuitous expressions and ordinarily should be avoided. But the trial court has already overruled a motion to quash the information and a demurrer, and it appears that in the public interest cautionary remarks might be in order, because the propositions in question have not as a finality been ruled on by the trial court. And there is time for the State to reappraise. Jennings v. State, 92 Okl.Cr. 347, 223 P.2d 562. The prosecution in processing cases through the trial courts should ever keep in mind the record to be made, and make it a strict policy in endeavoring to prevail in prosecutions, to make a record free from possible fundamental error, so that the appellate court, when the case eventually reaches it, if it does, will be able to affirm the judgment rendered.

Public clamor and pressure and hysteria should not be permitted to engender a condition where deliberation would be sacrificed for speed to the extent that the very objective sought might be defeated and due process blunted.

County Attorney Berry says in his answer brief: "This indictment was drawn in accordance with the opinion of this Court in Ireton v. State, 29 Okl.Cr. 266, 233 P. 771, 774, decided in 1925, together with O.S.A. 22, § 401."

Judge Edwards, who wrote the opinion in the Ireton case, warned: "We do not want to be understood as approving this information as a model; it is far from that, but it is not under the record of this case fatally defective." The case-made does not show a demurrer was filed to the information, though a demurrer was filed to the evidence. The evidence disclosed that the defendant's daughter, Hattie, owned valuable real estate and that defendant negotiated a loan purportedly for his daughter and took one Mary Doe along and introduced her as his daughter Hattie, and obtained $3,000 on account of the loan, secured by a mortgage on Hattie's land, based on the signature of said Mary Doe posing as his daughter Hattie. The defendant did not testify and offered no evidence. The court disposed of the case principally under authority of the harmless error doctrine, 22 O.S.1951 § 1069, and overlooked certain errors in the information.

■ Of course where the information has not been challenged by demurrer or motion to quash, and defendant pleads to the information and goes to trial, any objection to the sufficiency of the information or indictment should be overruled if by any intendment, inference or prescription, it can be sustained. Jennings v. State, 92 Okl.Cr. 347, 223 P.2d 562. To hold otherwise would encourage defendant to "lie behind a log" and try to get error into the record. The object of a demurrer is to get the indictment or information in such shape as to enable an accused to know exactly with what he is charged, that he may intelligently prepare his defense, if any. And as said by Judge Doyle in paragraph 2 of the syllabus in Harry v. State, 59 Okl. Cr. 302, 58 P.2d 340:

"An objection to the sufficiency of an indictment cannot be raised for the first time on appeal, unless it appears that the indictment does not charge any criminal offense."

■ With the above principles in mind, one can better understand the affirmance

of the Ireton case. After a conviction is had, the burden then rests upon the defendant to show, not merely error, but fundamental error.

22 O.S.1951 § 401, cited by the State, reads:

"The indictment or information must contain:

"1. The title of the action, specifying the name of the court to which the indictment or information is presented, and the names of the parties.

"2. A statement of the acts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended."

The within indictment, after charging that J. Phil Burns and others obtained $6,000 from one E. J. Rader, by means and use of false and fraudulent pretenses and representations, went on to charge:

" * * * that is to say, the said defendant represented and stated to the said E. J. Rader, that Selected Investments Corporation and/or Selected Investments Trust Fund for 26 years had paid 6 per cent per annum from the earnings without interruption and that said E. J. Rader, relying upon the said representations of the said defendants and believing them to be true, parted with and delivered to the said defendants $6,000.00 when in truth and in fact the Selected Investments Corporation was then and had been paying six per cent interest from the capital investment and not from earnings, * * *."

First, it will at once be noted that no consideration is recited as to what Rader was to get for his $6,000, whether stock in Selected Investment Corporation or trust certificates in Selected Investment Trust Fund; second, it is not set out as to what connection, if any, J. Phil Burns might have with the Selected Investment Corporation or Selected Investment Trust Fund; and, third, it is not alleged that whatever was given Rader for his $6,000 was not worth the face amount. It is left to speculation and inference as to the facts of the injury suffered, if any. An actual defrauding must be alleged. Reeves v. State, 68 Okl.Cr. 163, 96 P.2d 536.

The question as to the sufficiency of the indictment must first finally be decided by the trial court. The question has been presented by demurrer. It may further be presented to the trial court. Jennings v. State, supra.

The stipulation as to evidence before the grand jury contains information that would justify amendment of the indictment, if such were possible. An information under such circumstances could be amended, but an indictment may not be. Ex parte Williams, 70 Okl.Cr. 377, 106 P.2d 524.

It is further noted in the stipulation between the State and the defense, attached to the petition for prohibition, that one grand juror, G. C. Dryden, would testify, if called as a witness, that nine separate indictments against J. Phil Burns, et al., were found; that the grand jurors took only one ballot on all of the indictments returned against each defendant. This raises the question as to whether there can be a valid indictment within the meaning of the Constitution and statutes of Oklahoma, when the grand jurors have not separately expressed their concurrence in each indictment, if such was the case. Would the case of Eubanks v. State, 5 Okl.Cr. 325, 114 P. 748, have to be overruled in order to uphold the indictments? Paragraphs 5 and 8 of the syllabus in that case read:

"The law requires that the concurrence of the necessary number of grand jurors be indicated by a vote or ballot, showing direct approval of each indictment, and, if a separate vote or ballot is not taken, then there can be no lawful concurrence of the necessary number of grand jurors.

"Where the evidence offered in support of a motion to set aside the indictment shows beyond a reasonable doubt

that the indictment, apparently legal and formal, had not in fact the sanctions which the Constitution and the statutes require, it is the duty of the court to protect the defendant in his constitutional prerogatives and statutory rights by sustaining the motion to quash and set aside the indictment."

In an effort to get the prosecution down off the tight wire and proceed on firm and safe ground, at the hearing here on January 28, 1959, the following occurred:

"Judge Brett: I was just thinking, if I were confronted with a situation like that indictment, I would back up and start all over anew. Get me an information and charge by information.[3] I would start in at the beginning and there wouldn't be any question about whether I had stated a cause of action or not.

"Mr. Berry: If the court please, the State is satisfied with the pleadings in the case, and it would seriously jeopardize with the number of charges and with the magnitude of the thing by our going back. The minute we did, we would encounter every sort of delay on the preliminary. In two years in prosecution work, and most of you are familiar with my problems—

"Judge Brett: Wouldn't that be better than running the risk of coming back up here on appeal?

"Mr. Berry: Of course, that's the issue between me and the court is I don't think there is any risk, your honor, please."

Of course if the prosecution would proceed cautiously, the Attorney General no doubt could render valuable help in guiding the State from pitfalls and excessive delay, while at the same time affording the accused citizen due process of law.

NIX and BRETT, JJ., concur.

3. Pierro v. Turner, 95 Okl.Cr. 425, 247 P.2d 291; State v. Smith, Okl.Cr., 320 P.2d 719, 727.