George FARMER, Petitioner,

v.

Hillis SANFORD, Judge of the Municipal Court, Criminal Division, Oklahoma City, Oklahoma, Respondent.

No. A–12884.

Court of Criminal Appeals of Oklahoma.

June 21, 1960.

Sid White, Oklahoma City, for petitioner.

Charles E. Halley, Oklahoma City, for respondent.

NIX, Judge.

This is an original proceeding filed in this Court by George Farmer, petitioner, seeking a writ of prohibition directed to the Municipal Court and Hillis Sanford, the Judge thereof, to prohibit further enforcement of the judgment and sentence in a case where defendant was convicted of operating a disorderly house.

It is alleged by petitioner that he was convicted in said Municipal Court upon evidence wholly incompetent by reason of an alleged search and seizure. The allegation read as follows:

"* * * That the sole and only evidence introduced against your petitioner was the testimony of one Captain Reading, who claimed to have peeped through a crack in the door or wall of a building, and possibly placed his ear to said crack; said Captain

Reading claiming to have seen or heard some conduct or words which might have been interpreted to mean that there was gambling going on inside said building. Said Captain Reading further testified that he went to the front door of the building, gained admittance, and, being delayed in getting into another room, kicked the door down and found no evidence of law violation after he got into the room.

"That the said Reading admitted he had no search warrant or other warrant authorizing his trespass upon said premises.

"That therefore said evidence was illegal and incompetent.

"That if the said Hillis Sanford is permitted so to do, he will imprison your petitioner upon said charge and under said void conviction.

"That the facts herein alleged will not be controverted but admitted by the city attorney.

"That your petitioner has a bond for his appearance; which said bond will be taken and forfeited if the said Hillis Sanford is permitted so to do * * *."

The petition asserts that for the foregoing reasons the trial court is without jurisdiction or authority to commit petitioner to jail.

To the petitioner's application for a writ, respondent filed a motion to dismiss setting forth the following reasons:

"1. Petitioner does not question respondent's jurisdiction to execute sentence upon him, save for the bare legal conclusion contained in the allegations:

"That if the said Hillis Sanford is permitted so to do, he will imprison your petitioner upon said charge and under said void conviction.

"That under the circumstances the said Hillis Sanford has no jurisdiction * * * to commit your petitioner to jail.

"2. Petitioner does not allege that respondent acted without or in excess of his jurisdiction in convicting the petitioner.

"3. Petitioner does not allege that respondent harbored any bias or prejudice against petitioner or partiality toward the complaining witness.

"4. Petitioner does not allege that he has no other remedy, or, having another remedy, that it is inadequate.

"5. Petitioner alleges that the facts alleged in his application will not be controverted but admitted by the City Attorney, but nowhere in said application appears any authorization by the City Attorney for such a statement."

 It appears from petitioner's application that the substance of his contention is that the evidence was obtained by an invalid search and was wholly insufficient to sustain the conviction. There was no record made of the proceedings in Municipal Court and these questions are ones that could only be decided by going into the merits of the case which this Court will not do upon application for a writ of prohibition. On application for writ of prohibition only inquiry which will be entertained is as to jurisdiction of court against which relief is invoked. See Boggess v. Wood, 96 Okl.Cr. 378, 255 P.2d 952.

 This court said in the case of Corley v. Adair County Court, 10 Okl.Cr. 104, 134 P. 835:

"Appellate courts should not interfere by writ of prohibition with the trial of causes where a trial court has jurisdiction of the subject-matter and the person of defendant; but such trial court should be permitted to proceed to judgment, and irregularities should only be reviewed upon appeal."

The Oklahoma Supreme Court has held in State ex rel. Britton v. District Court of Pushmataha County, 181 Okl. 286, 73 P.2d 457:

"Where right to appeal exists and lower tribunal has jurisdiction of gen-

eral class of cases to which case in question belongs, error of that tribunal in its decision on jurisdiction question is not ground for issuance of writ of prohibition, in absence of showing that such decision may result in great and irreparable injury." .

They further said in the case of Spradling, v. Hudson, 45 Okl. 767, 146 P. 588:

"It is well-settled rule in this state that, where an inferior court has jurisdiction of the subject-matter and of the parties, and where an appeal will lie from order of judgment of the court in said cause to the Supreme Court, pending which appeal such order may be superseded, a writ of prohibition will not lie, even though such court may make an erroneous application of the law to the facts therein."

In the type of case presented herein, the Municipal Court had jurisdiction of the subject matter and of the person. If the application of the law was erroneous the petitioner has the right of appeal to correct said errors. If petitioner's narration as to the evidence is true and though denied in respondent's reply, it was virtually admitted upon oral argument, the trial court should have sustained a motion to quash or dismissed for insufficient evidence, but the remedy is appeal and not prohibition.

In the case of Short v. Dunn, 180 Okl. 21, 67 P.2d 18, the Court said:

We cannot review the proceeding below to determine whether there was an abuse of discretion based on evidence. That can only be done on appeal. Prohibition is not a substitute thereof.

Where the court has jurisdiction of the subject matter and of the person of the defendant the writ of prohibition will not lie on account of any irregularities in the action of the trial courts in such instances, but the court should be permitted to proceed to judgment and the matters complained of should be reviewed only upon appeal, when the entire testimony or transcript of the record can be brought up for consideration. It would paralyze and defeat the enforcement of criminal law if writs of prohibition were issued to correct irregularities of erroneous application of the law where the court had jurisdiction of the subject matter and of the person of defendant, writs of prohibition should not be issued nor used for the purpose of appealing cases upon the installment plan.

The writ herein will be denied as petitioner has an adequate remedy at law by appeal, and not because we condone the alleged actions, if true, of the officers or the trial judge in arrest and trial of the defendant. The judge of a Municipal Court plays just as important a part in American jurisprudence as an officer of the highest court and he should at all times preserve and protect the liberty of litigants who appear before him and have not the slightest hesitancy in dismissing a case if the evidence is either insufficient or illegally obtained. Likewise, the officer entrusted with the responsibility of enforcing the law has a sacred duty to avoid illegal invasion of the liberties of man. A search without a warrant and the conviction upon insufficient evidence is a flagrant repudiation of the law and should not on appeal be brushed aside or ignored. However, the remedy is appeal, not prohibition.

The writ is therefore denied.

POWELL, P. J., and BRETT, J., concur.